```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
JEANNINE M. GRANT                :     CIVIL ACTION
                                 :
        v.                       :
                                 :
RESEARCH PHARMACEUTICAL          :
SERVICES, INC.                   :     NO. 08-5203
```

**MEMORANDUM**

Fullam, Sr. J.                                August 25, 2010

      During discovery in this employment discrimination case, the defendant, Research Pharmaceutical Services ("RPS"), learned that Samantha Perlmutter, a friend and co-worker of the plaintiff, allegedly recorded several conversations she had with executives at RPS, without the knowledge of the other participants. RPS now seeks leave to file counterclaims related to the recording and join additional defendants (Ms. Perlmutter and the plaintiff's former attorneys, who allegedly either ratified or requested the surreptitious taping); one of the executives, Daniel Perlman, seeks leave to intervene as a counterclaim plaintiff. The plaintiff opposes the motion, and has filed a motion seeking sanctions because RPS has not complied with an order to produce the executives for deposition.

      The motions will be denied. The proposed counterclaims turn on actions that occurred after Ms. Grant's termination, and all of the claims asserted (for civil conspiracy, violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and invasion of privacy)

arise under state, not federal, law.  It does not appear that there is diversity of citizenship, so there is no independent basis for federal jurisdiction.  Bringing in new parties nearly two years into the litigation would require additional discovery and require the postponement of the November trial date, and the case would be significantly complicated if the plaintiff's former attorneys were to become counterclaim defendants in the same suit.  Under these circumstances, the counterclaims are likely to predominate over the original employment discrimination claims, and I decline to exercise supplemental jurisdiction over the proposed claims.  See 28 U.S.C. § 1367(c).

With regard to the discovery dispute, I previously granted the plaintiff's motion to compel the depositions of the executives.  The depositions apparently have not yet taken place, but given the unusual circumstances of this case I will not impose sanctions, provided the deponents are made available promptly.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,    Sr. J.